**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.:

SARAH RICCI,

    Plaintiff,

v.

JOHNSON CONTROLS, INC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SARAH RICCI ("Plaintiff" or "Ms. Ricci"), pursuant to *29 U.S.C. § 2601, et. seq.* and *Fla. Stat. § 448.102*, files the following Complaint against Defendant, JOHNSON CONTROLS, INC. (hereinafter "Defendant"), and hereby alleges:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of her rights pursuant to the federal Family Medical Leave Act ("FMLA") and further unlawfully retaliated against her for her opposition to unlawful activity in the workplace in violation of the FMLA and of the Florida Whistleblower Act ("FWA"). This is an action to recover all equitable relief, front pay, and declaratory relief owed to Plaintiff arising from the course of her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of eighteen (18) years, and otherwise *sui juris*.

3. During all times material hereto, the corporate Defendant was a foreign corporation authorized to do business in the State of Florida, with its principal place of business at 5757 N. Green Bay Ave., Milwaukee, Wisconsin 53209.

4. Defendant regularly and recurrently conducts and operates its business within this jurisdiction, at 15901 SW 29th Street #801, Miramar, Florida 33027.

5. During all times material hereto, Defendant was vested with ultimate control and decision-making over hiring, firing, and disciplinary actions as it related to Plaintiff.

6. Defendant was an employer covered by the FMLA, because (a) Defendant was engaged in commerce in an industry affecting commerce, and (b) it was an employer that employed fifty (50) or more employees where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

7. Defendant was Plaintiff's employer, as defined by the FMLA.

8. Plaintiff was an employee entitled to leave under the FMLA, based on the facts that she (a) had to care for a parent suffering a qualifying serious health condition under the FMLA; (b) was employed by Defendant for at least twelve (12) months; and (c) worked at least one thousand two hundred and fifty (1,250) hours during the relevant 12-month period prior to when she sought to exercise her rights to FMLA leave.

## **JURISDICTION AND VENUE**

9. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

10. Defendant regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 2601* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 2601* and *28 U.S.C. § 1391(b)*.

12. Supplemental jurisdiction over state claims arising under the Florida Whistleblower Act are also properly before this Court pursuant to *28 U.S.C. § 1367*.

## GENERAL ALLEGATIONS

13. Defendant is a company engaged in the business of providing a wide range of systems and digital solutions for buildings, including but not limited to operations maintenance, repair, energy solutions, design and construction, systems integration, fire maintenance, and security maintenance. *See https://www.johnsoncontrols.com/about-us/our-company* (last visited June 18, 2020).

14. Plaintiff worked for Defendant as a Project Engineer and a Project Team Leader from in about February 2016 until February 2020.

15. In July 2019, August 2019, and November 2019, Plaintiff reported various instances of unlawful activity in the workplace to Defendant's management and Human Resources, including discrimination, workplace hazards and violence, and corporate fraud.

16. On December 15, 2019, Plaintiff's mother was admitted to the emergency room in order to treat a serious health condition with her heart, atrial fibrillation, and remained in inpatient care for a month.

17. On December 16, 2019, Plaintiff informed Defendant of her mother's serious health condition requiring hospitalization in the ICU, which constitutes a qualifying condition that gives right to FMLA leave.

18. After Plaintiff informed Defendant of this qualifying condition under the FMLA, the Defendant failed to provided Plaintiff notice of her rights under the FMLA.

19. Plaintiff was required to care for her mother for over a month, but Defendant never provided Plaintiff notice of her rights under the FMLA. Instead, Plaintiff was forced to work while caring for her mother during very late hours (including during the middle of the night), or otherwise use her own personal leave.

20. On January 15, 2020, Plaintiff's mother was released from the hospital, and Plaintiff returned to work on January 21, 2020.

21. The following month, Defendant terminated Plaintiff without warning.

22. Prior to her termination, Plaintiff had always received exceptional performance reviews.

## COUNT I – UNLAWFUL INTERFERENCE& RETALIATION UNDER THE FMLA

23. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 22 as though fully recounted herein.

24. Defendant interfered with Plaintiff's exercise of her FMLA rights by refusing to notify her of her federal leave rights when she brought a qualifying medical leave situation to Defendant's notice.

25. Defendant retaliated against Plaintiff for attempting to exercise her FMLA rights by taking leave when she was required to care for her parent with a qualifying serous health condition for over a month.

26. Plaintiff was protected from interference/retaliation under the FMLA.

27. Defendant's interference was willful and/or intentional because Defendant knew or should have known of its duty to inform Plaintiff of her FMLA rights as soon as she gave Defendant notice of her family member's qualifying serious health condition.

28. Defendant acted with intent to retaliate against Plaintiff because Plaintiff exercised her rights to take leave pursuant to the FMLA.

29. As a result of Defendant's willful and/or intentional violations of the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

30. As a result of Defendant's willful and/or intentional violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, SARAH RICCI, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JOHNSON CONTROLS, INC., and award Plaintiff: (a) monetary damages for back pay to be paid by Defendant, (b) an equal amount as liquidated damages to be paid by Defendant, (c) equitable relief, (d) declaratory relief, (e) reasonable attorney's fees and costs to be paid by Defendant, and any other further relief that this Court determines to be just and appropriate.

## COUNT II – RETALIATORY TERMINATION IN VIOLATION OF THE FLORIDA WHISTLE BLOWER ACT, *FLA. STAT. § 448.102* – RETALIATION

31. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as though set forth fully herein.

32. Plaintiff objected to Defendant's unlawful activity including sex discrimination, violence, and corporate fraud on multiple occasions.

33. Plaintiff had a good faith belief that her objection to unlawful activity entitled her to protection.

34. Defendant did not have any justifiable, legitimate, non-retaliatory reason for terminating Plaintiff.

35. As a direct result of the unlawful retaliation alleged herein, Plaintiff was terminated and has suffered damages in an amount to be proven at trial.

36. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel to validate her rights and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SARAH RICCI, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JOHNSON CONTROLS, INC., and award Plaintiff: (a) compensatory damages, (b) injunctive relief, (c) back pay for lost wages, (d) damages for emotional distress and mental anguish, (e) reasonable attorney's fees and litigation costs, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, SARAH RICCI, requests and demands a trial by jury on all appropriate claims.

**Dated this 3rd day of July 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff, Sarah Ricci*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*April@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 3, 2020.

By: *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: